UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P<small>ARIS</small> H<small>UGHES</small>,

    Petitioner,

    v.

O.T. W<small>INN</small>,

    Respondent.
_____/

Case No. 2:15-cv-12653

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
P<small>ATRICIA</small> T. M<small>ORRIS</small>

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

### I. I<small>NTRODUCTION</small>

Paris Hughes ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a Petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, challenging his convictions for armed robbery, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.529, first-degree home invasion, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.110a(2); unlawful imprisonment, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.349b; two counts of felonious assault, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.82; felony-firearm, M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750. 227b; and possession of a short-barreled shotgun. M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.224b.

Petitioner also filed a motion to hold the Petition in abeyance to permit him to return to the state courts to exhaust claims that are included in his petition but which have not been exhausted with the state courts. For the reasons stated below, in *lieu* of dismissing the Petition, the Court holds the Petition in abeyance and stays the proceedings under the terms outlined in this Opinion to permit Petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## II. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hughes,* No. 304182, 2013 WL 3021504, at *1 (Mich. Ct. App. June 18, 2013); *lv. den.* 495 Mich. 939, 843 N.W. 2d 243 (2014); *reconsideration den.* 495 Mich. 997, 845 N.W. 2d 115 (2014).

On July 27, 2015, Petitioner filed a petition for writ of habeas corpus, seeking relief on the following four grounds:

> I. Due process entitlement to a new trial based on newly discovered perjured testimony.
>
> II. Denial of fair trial and due process [based on the prosecutor's knowing use of perjured testimony].
>
> III. Denial of effective assistance of [trial] counsel.
>
> IV. Denial of effective assistance of appellate counsel.

*See* Dkt. No. 1 at 5-10, Pg. ID No. 5-10. Petitioner moves for his current petition to be held in abeyance so he can return to the state courts to exhaust his second through fourth claims.

## III. DISCUSSION

The instant Petition is subject to dismissal because it contains three claims which have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a

threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal District Courts must dismiss "mixed" habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The current petition is subject to dismissal because Petitioner failed to allege or indicate in his petition that he exhausted his state court remedies with respect to all of his claims. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of his Petition that he did not exhaust his second through fourth claims on his direct appeal.

    **A.  Staying Petitioner's Habeas Claims**

Petitioner's habeas application is subject to dismissal because his second, third, and fourth claims (listed above) have yet to be exhausted. This Court is concerned that the outright dismissal of the Petition, albeit without prejudice, might result in the barring of any subsequent petition due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). This is a common circumstance that typically calls for abating the original habeas petition. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002). A federal court may stay a federal habeas petition and hold further proceedings in abeyance, pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

Petitioner's claims do not appear to be "plainly meritless." *Wagner,* 581 F.3d at 419. Further, Petitioner asserts that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, n. 4 and 5.[1] Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics." *Rhines,* 544 U.S. at 278.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* To ensure that Petitioner does not delay in exhausting his state court remedies, Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419; *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v.*

---

[1] Moreover, state post-conviction review would be the first opportunity that Petitioner would have under Michigan law to raise his ineffective assistance of appellate counsel claims. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010); *Hicks v. Straub*, 377 F.3d 538, 558, n. 17 (6th Cir. 2004). Therefore, it is unclear whether Petitioner would even be required under *Rhines* to establish good cause for his failure to raise these ineffective assistance of appellate counsel claim earlier with the state courts.

*Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### IV. CONCLUSION

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the filing date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 60 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

Dated: August 27, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

-6-